**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | **CR. NO. 05 - 342 - 18  (RCL)** |
| | ) | |
| | ) | |
| **ARCHBOLD MANNER, et al.** | ) | |
| **(Gerardo Tobon Rojas)** | ) | |

**DEFENDANT TOBON ROJAS' MOTION TO RECONSIDER AND REVISE**
**TRIAL GROUPS AND TO GROUP DEFENDANT IN THE SECOND TRIAL GROUP**
**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant, Gerardo Tobon Rojas, through undersigned counsel, hereby moves that the

trial groups be revised, and that he be included in the second trial group, along with the other

defendants charged in Count Four.  As grounds for this Motion defendant states as follows:

**PROCEDURAL BACKGROUND:**

1.  On or about September 14, 2005, a two count indictment was returned charging

Alvaro Serrano Archbold-Manner, Jesus Antonio Murillo-Lenis, and Ranfer Manuel Rios

Mercado with conspiracy to distribute five kilograms or more of cocaine, intending and knowing

that the cocaine would be unlawfully imported into the United States; and unlawful distribution

of five kilograms or more of cocaine on or about July 22, 2005, intending and knowing that the

cocaine would be unlawfully imported into the United States.  The indictment also contained a

Forfeiture Allegation.

2.  On or about January 3, 20006, a two count superseding indictment (First Superseding

Indictment) was returned adding seven defendants.[1]  Thereafter, on or about April 18, 2006, a six

count superseding indictment (Second Superseding Indictment) was returned charging fifteen

additional defendants, including Gerardo Tobon Rojas, and adding four additional substantive

counts:  Count One - conspiracy to distribute five kilograms or more of cocaine, intending and

---

[1]  Each superseding indictment continued to include a Forfeiture Allegation as well.

- 2 -

knowing that the cocaine would be unlawfully imported into the United States; Count Two - unlawful distribution of five kilograms or more of cocaine on or about July 22, 2005, intending and knowing that the cocaine would be unlawfully imported into the United States;  Count Three - unlawful distribution of five kilograms or more of cocaine on or about January 21, 2006, intending and knowing that the cocaine would be unlawfully imported into the United States; Count Four - unlawful attempt to distribute five kilograms or more of cocaine on or about January 22, 2006, intending and knowing that the cocaine would be unlawfully imported into the United States; Count Five - unlawful distribution of five kilograms or more of cocaine on or about March 7, 2006, intending and knowing that the cocaine would be unlawfully imported into the United States; and Count Six - unlawful distribution of five kilograms or more of cocaine on or about March 24, 2006, intending and knowing that the cocaine would be unlawfully imported into the United States.  Finally, on or about May 6, 2008, a Third Superseding Indictment was returned, changing the name of defendant number six from Fredy Gomez-Perez, aka "Chiqui" to Miyer Alberto Barcia Buitrago, aka "Chiqui".

3.    On or about January 29, 2008, Mr. Tobon Rojas had his first appearance in this court, and was arraigned on the second superseding indictment.  On or about February 5, 2008, this Court set conditions of release for Mr. Tobon Rojas.  The release order was stayed at the request of the government when it was determined that a detainer had been lodged by Immigration and Customs Enforcement ("ICE").  After the parties were given an opportunity to investigate the basis of the detainer, the Court lifted the stay and Mr. Tobon Rojas was released pursuant to this Court's order.  On or about March 10, 2008, he was transferred to ICE custody, and later that evening he was  released to undersigned counsel, who remained with the defendant while his son flew from Miami to assume third party custody and escort Mr. Tobon Rojas to Miami.

- 3 -

4.    When Mr. Tobon Rojas first appeared in court, counsel was informed that at the January 22, 2008 status hearing the government had included him in the second proposed trial grouping.   The defendant was also informed that a motions hearing for the co-defendants had been scheduled for April 16, 2008.

5.    At that January 22, 2008 status hearing,  the Court directed the government to file a pleading with its proposed trial groupings, and directed the defendants to file their replies or comments by February 22, 2008.  The government filed its proposed trial groupings on February 8th, and included Mr. Tobon Rojas in the first trial group, although at that time he was one of the last to arrive in the United States.

6.    On or about February 22, 2008, counsel for Mr. Tobon Rojas filed a motion for enlargement of time to file or join in any suppression motions, and to respond to the government's proposed trial groupings.   The motion for enlargement was based on the fact that no discovery had been provided to the defense, and therefore counsel had no meaningful basis to file motions, or to respond to the government's proposed trial groupings.

7.    On or about March 7, 2008, the Court conducted a status hearing for the four defendants who had recently arrived in the United States.  Since the defendants had not been provided any discovery, the Court set the matter for another status hearing on April 16th, the same day the other defendants were scheduled to have a motions hearing, and indicated that a motions schedule for the new defendants would be set in the future.

8.    Partial discovery was provided in mid March.  The discovery consisted of three CDs and two DVDs, which contained wiretap conversations, call summaries, and/or transcripts. However, the discovery contained no English translations, and was therefore of little or no value to undersigned  counsel, who does not speak or read Spanish or Jamaican (Patois).  Prior to the status hearing, counsel was still not able to file a meaningful response to the trial groupings.

- 5 -

9.   At the status hearing on April 16th, undersigned counsel advised the Court that he believed once he became more familiar with the discovery and evidence in the case, that he might need to file a motion to revise the trial groupings.  Following the status hearing on April 16th, the Court issued an order granting the government's proposed trial groupings, and denying as moot defendant's motion for enlargement of time to respond to the government's proposed trial groupings.  Defendant is now seeking reconsideration of that ruling.

**BREAKDOWN OF CHARGES BY DEFENDANT:**

First Trial Group:

|  |  |
|---|---|
| 1) Jesus Antonio Murillo-Lenis (#2) | Counts  1, 2 |
| 2) Gareth Daviton Lewis (#5) | Counts  1, 2, 6 |
| 3) Enrique Oyola-Ropero (#12) | Counts  1 |
| 4) Sergio Rene De Martini-Tamayo(#14) | Counts 1, 2 |
| 5) Gerardo Tobon Rojas (#18) | Counts 1, 4 |
| 6) Alfredo Luis Peralta Carrillo (#25) | Counts 1 |

Second Trial Group:

|  |  |
|---|---|
| 1) Carlos Delgado-Gomez (#10) | Counts 1, 2, 3, 5, 6 |
| 2) Jose Hugo Alvarez-Lozano (#15) | Counts 1, 3 |
| 3) Jaime Hernan Gutierrez-Diaz (#16) | Counts 1, 5 |
| 4) German Villegas-Mejia (#17) | Counts 1, 4 |
| 5) Juan Eduardo Perez-Rincon (#24) | Counts 1, 3 |

Unassigned Defendants:

|  |  |
|---|---|
| 1) Ranfer Manuel Rios-Mercado (#3) | Counts 1, 2, 4 |
| 2) Fernando Zapata Bermudez (#19) | Counts 1, 4 |

- 6 -

**LEGAL ARGUMENT:**

Rules 8(b) and 14 of the Federal Rules of Criminal Procedure govern joinder and severance in multi-defendant criminal cases.  Rule 8(b) provides for joinder of offenses and defendants if the defendants are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses.  Thus counsel attempted to look at the indictment to determine which defendants are most logically joined in the trial groups.  The only count common to all defendants is Count One, the conspiracy count.  However, Count One contains a  "bare bones" allegation, which simply recites the statutory offense language without including any overt acts or organizational descriptions.  Thus it is difficult, if not impossible, to determine from the face of the indictment which defendants are most logically connected. Therefore, counsel has attempted to review the discovery and the substantive offenses charged in the indictment in an effort to determine whether there is a rational basis for the trial groupings as proposed. [2]

The substantive offenses pertain to separate and discreet seizures, involving different groups of defendants.  Except for Mr. Tobon Rojas, the individuals in the first trial group are charged in either Count One alone, or in Count One and one or more of the following counts: Counts Two, Three, Five, and Six, which  charge unlawful distribution of five kilograms or more of cocaine on or about July 22, 2005, January 21, 2006, March 7, 2006, and March 24, 2006, respectively. [See, Breakdown of Charges Section above].  Mr. Tobon Rojas is the only defendant in the first trial group who is charged in Count Four.  Moreover that is the only substantive count in which Mr. Tobon Rojas is named.

---

[2]   Counsel notes that he is still unable to fairly assess whether the discovery demonstrates a nexus among all the defendants in Count One because the defense has not yet been provided with a list of pertinent conversations, the English translations of those conversations, or seizure evidence in the case.  As a result, counsel is focusing primarily on the substantive offenses charged in the indictment.

- 7 -

Count Four charges attempted distribution of five kilograms of cocaine on or about January 22, 2006.  That count involves the seizure of a boat, but did not involve any seizure of cocaine or other drugs.  The other defendants named in Count Four who are currently pending trial in this case are: Ranfer Manuel Rios Mercado (unassigned); German Villegas Mejia (second trial group); and Fernando Zapata-Bermudez (unassigned).  It seems to counsel that it makes sense to try the Count Four defendants together, unless there is some compelling reason to the contrary.  Since the government offered no reason for grouping Mr. Tobon Rojas with the defendants who are not named in Count Four, it does not appear that there is a compelling reason to keep him grouped in the first trial group.

Defendant contends that it is most appropriate to join him in the second trial group with the other defendants who are charged in Count Four.  First, they are clearly the defendants most closely associated with Mr. Tobon Rojas.  Second, the principles of judicial economy favor such a grouping because the evidence as to the Count Four defendants will certainly overlap.  Third, according to the government's informal discovery, the defendant is alleged to be a lower level participant.  Thus being tried separate from the other three defendants charged in Count Four may make it far more difficult to confront evidence being offered against him through witnesses that the others may be in a far better position to attack.  Whether intentional or unintentional, the proposed grouping has the potential to be very prejudicial.  Fourth, there are other defendants who have been here longer, and who are asserting their speedy trial rights, while Mr. Tobon Rojas is one of the more recent arrivals and is prepared to waive his speedy trial rights to be in the second trial group.  Fifth, there does not appear to be a rational basis for including Mr. Tobon Rojas in the first trial group, and certainly no basis which would overcome the prejudice to him from being tried separately from the others accused in Count Four. [3]

---

[3]  In addition,  counsel would note that he is one of the few attorneys in this case who does not read or speak Spanish.  Thus counsel needs more time than other counsel to be prepared for trial.  Counsel also believes it is important to be grouped with the other Count 4 defendants because it will reduce the potential for communication problems with his client during trial.

- 8 -

Under Rule 14 of the Federal Rules of Criminal Procedure, severance of defendants is left to the sound discretion of the trial judge. <u>See</u>, <u>United States v. Mardian</u>, 546 F.2d 973 (D.C. Cir. 1976). Similarly, the trial court has discretion in determining trial groupings within a case. Courts are generally required to balance the prejudice to the defendant against the interests of judicial economy inherent in a joint trial. <u>Id</u>. In this case the interest in judicial economy is not served by Mr. Tobon Rojas' inclusion in the first trial group. The interests of judicial economy seem to be better served by trying the Count Four defendants together in the second trial group. In addition, the prejudice from defendant's inclusion in the first trial group further tips the scale in favor of his inclusion in the second trial group, along with the other Count Four defendants.

Wherefore, counsel for Mr. Tobon Rojas submits that he will be prejudiced if he is jointly tried with the group one defendants, and that the interests of judicial economy do not outweigh his need to be regrouped with the second trial group defendants. Thus he respectfully requests that the Court reconsider and revise the trial groupings, and put him in the second trial group.

Respectfully submitted,

_____/s/_____
Howard B. Katzoff, # 348292
717 D Street601 Indiana Ave., N.W.
Suite 310
Washington, D.C.  20004
(202) 783-6414
Counsel for Gerardo Tobon Rojas

## CERTIFICATE OF SERVICE

I hereby certify that this ___11th___ day of ___June_____, 2008, a copy of the foregoing Motion and Points and Authorities were electronically served upon Patrick Hearn, Esquire, Trial Attorney, United States Department of Justice,  and to all defense counsel of record.

_____/s/_____
Howard B. Katzoff