UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 05-342 (RCL) |
| | ) |
| ARCHBOLD-MANNER, et al. | ) |
| Ranfer Rios-Mercado (03), | ) |
| German Villegas-Mejia (17), | ) |
| Gerardo Tobon-Rojas (18) and | ) |
| Fernando Zapata-Bermudez (19) | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' JOINT MOTION TO SEVER COUNT FOUR AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendants, Gerardo Tobon Rojas(#18), German Villegas-Mejia (#17), Ranfer Manuel Rios-Mercado (#3), Fernando Zapata Bermudez (#19), through undersigned counsel, hereby move, pursuant to Rule 8(a) and (b) of the Federal Rules of Criminal Procedure, to sever Count Four of the indictment based on misjoinder.[1] As grounds for this Motion defendants state as follows:

**PROCEDURAL BACKGROUND:**

1. On or about September 14, 2005, a two count indictment was returned charging Alvaro Serrano Archbold-Manner, Jesus Antonio Murillo-Lenis, and Ranfer Manuel Rios Mercado with conspiracy to distribute five kilograms or more of cocaine, intending and knowing that the cocaine would be unlawfully imported into the United States; and unlawful distribution of five kilograms or more of cocaine on or about July 22, 2005, intending and knowing that the cocaine would be unlawfully imported into the United States. The indictment also contained a Forfeiture Allegation.

---

[1] Defendants also contend that Count One of the indictment improperly charges multiple conspiracies in a single count, at least as to the Count Four defendants, and therefore should be dismissed. Accordingly, defendants are also contemporaneously filing a Joint Motion to Dismiss Count One (as Duplicitous) Or For a Bill of Particulars, and hereby incorporate by reference in this motion the representations and arguments made in their Motion to Dismiss.

2

2. On or about January 3, 20006, a two count superseding indictment (First Superseding Indictment) was returned adding seven defendants.[2]  Thereafter, on or about April 18, 2006, a six count superseding indictment (Second Superseding Indictment) was returned charging fifteen additional defendants, including Gerardo Tobon Rojas, and adding four additional substantive counts:  Count One - conspiracy to distribute five kilograms or more of cocaine, intending and knowing that the cocaine would be unlawfully imported into the United States; Count Two - unlawful distribution of five kilograms or more of cocaine on or about July 22, 2005, intending and knowing that the cocaine would be unlawfully imported into the United States;  Count Three - unlawful distribution of five kilograms or more of cocaine on or about January 21, 2006, intending and knowing that the cocaine would be unlawfully imported into the United States; Count Four - unlawful attempt to distribute five kilograms or more of cocaine on or about January 22, 2006, intending and knowing that the cocaine would be unlawfully imported into the United States; Count Five - unlawful distribution of five kilograms or more of cocaine on or about March 7, 2006, intending and knowing that the cocaine would be unlawfully imported into the United States; and Count Six - unlawful distribution of five kilograms or more of cocaine on or about March 24, 2006, intending and knowing that the cocaine would be unlawfully imported into the United States.  Finally, on or about May 6, 2008, a Third Superseding Indictment was returned.  The only apparent change in the indictment related to defendant number six, changing the name from Fredy Gomez-Perez, aka "Chiqui" to Miyer Alberto Barcia Buitrago, aka "Chiqui".

---

[2]  Each superseding indictment continued to include a Forfeiture Allegation as well.

3

**LEGAL ARGUMENTS:**

**Misjoinder of Offenses**

Rule 8(a) of the Federal Rules of Criminal Procedure controls joinder of offenses. However, Rule 8(b) controls when considering the joinder of offenses in multiple defendant cases. See, United States v. Jackson, 562 F.2d 789, 793 - 94 (D.C. Cir. 1977). Rule 8(b) provides as follows:

> (a)    Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged - whether felonies or misdemeanors or both - are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts both together or separately and all of the defendants need not be charged in each count.

As noted above, Count Four charges Gerardo Tobon Rojas(#18), German Villegas-Mejia (#17), Ranfer Manuel Rios-Mercado (#3), Fernando Zapata Bermudez (#19) are charged with unlawful attempt to distribute five kilograms or more of cocaine on or about January 22, 2006, intending and knowing that the cocaine would be unlawfully imported into the United States. Defendants submit that the allegations of attempted importation of cocaine in Count Four appear wholly unrelated to the other counts in the indictment.

As noted in other pleadings, the indictment is a "bare bones" indictment, and therefore does not shed any light on a connection between the attempted cocaine importation offense alleged in Count Four and the conspiracy count or substantive offenses charged in Counts Two, Three, Five, and Six.[3] Unlike the other counts, there was no drug seizure associated with Count

---

[3]    Similarly, it appears that Count One of the indictment improperly charges multiple conspiracies in a single count, at least as to the Count Four defendants, and therefore should be dismissed. Accordingly, co-defendant Zapata-Bermudez's counsel is also filing a Joint Motion

4

Four. Moreover, the discovery, which has largely been limited to the disclosure of intercepted telephone conversations in Jamaica and in Colombia, has not shown a connection between Count Four and Counts Two, Three, Five, and Six. Simply put, Count Four does not appear to be inter-related or inter-dependent on the other counts in any way, and does not appear to be part of a common scheme or plan associated with the other counts.

Although this Circuit has not adopted a rule requiring the government to demonstrate the propriety of joinder on the face of the indictment, the government must still demonstrate prior to trial that each defendant participated in the act or series of acts underlying the each offense charged. See generally, United States v. Halliman, 923 F.2d 873, 883 (D.C. Cir. 1991); United States v. Spriggs, 102 F.3d 1245, 1255 (D.C. Cir. 1996). The government has not done so to date. Since it does not appear from the indictment or discovery that Count Four is connected in any meaningful way to the other counts, it can not reasonably be said that Count Four is a part of a "common scheme or plan" as required by Rule 8(a) and (b).

While Rule 8(a) permits joinder of similar but unrelated offenses in a single defendant case, "in the multiple defendant context, Rule 8(b) forbids joinder, even of identical crimes, unless those crimes are part of 'the same series of acts or transactions'." Jackson, supra at 797. Recognizing that there is always some degree of prejudice when other charges are joined in an indictment, Rule 8(b) significantly limits the circumstances under which the government can include prejudicial charges involving a co-defendant. Since the government has not demonstrated a proper basis for joinder of Count Four, it is improperly joined in this indictment and pursuant to Rule 8(a) and (b) of the Federal Rules of Criminal Procedure must be severed from the other counts.

---

to Dismiss Count One (as Duplicitous) Or For a Bill of Particulars on this date, and defendants hereby incorporate by reference in this motion the representations and arguments made in the Motion to Dismiss, or For a Bill of Particulars.

5

WHEREFORE, for these reasons, and any additional reasons adduced at a hearing on this motion, defendants Gerardo Tobon Rojas(#18), German Villegas-Mejia (#17), Ranfer Manuel Rios-Mercado (#3), Fernando Zapata Bermudez (#19) respectfully request that this Court grant their request for a separate trial on Count Four because it is misjoined with the other offenses in the indictment in this case.

Respectfully submitted,

/s/
Howard B. Katzoff, #348292
717 D Street, N.W.,   Suite 310
Washington, D.C. 20004
(202) 783-6414
Counsel for Gerardo Tobon Rojas (#18)

/s/
Diane S. Lepley, Bar No. 368927
On Behalf of Ranfer Rios-Mercado (#3)

/s/
Cynthia Katkish, Bar No. 418876
On behalf of German Villegas-Mejia (#17)

/s/
Mitchell Seltzer, Bar No.261933
On behalf of Fernando Zapata-Bermudez (#19)

## CERTIFICATE OF SERVICE

I hereby certify that this ___21st___ day of ___July_____, 2008, a copy of the foregoing Motion and Points and Authorities were electronically served upon Patrick Hearn, Esquire, Trial Attorney, United States Department of Justice, and to all defense counsel of record.

/s/
Howard B. Katzoff