UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR. NO. 05 - 342 - 18   (RCL) |
| ) | |
| ARCHBOLD MANNER, et al.  ) | |
| (Gerardo Tobon Rojas)  ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S POSITION ON DIVISION OF
TRIAL DEFENDANTS AND SUGGESTED GROUPINGS FOR TRIAL**

Defendant, Gerardo Tobon Rojas, through undersigned counsel, hereby files this response to the government's suggested trial groupings [Doc # 254], and respectfully moves that he be put in the second trial group.  As grounds for this request defendant states as follows:

**PROCEDURAL BACKGROUND:**

1. On or about April 18, 2006, a six count superseding indictment (Second Superseding Indictment) was returned charging twenty five defendants, including Gerardo Tobon Rojas with narcotics conspiracy and related offenses. [1]  Specifically, the indictment included the following counts:  Count One - conspiracy to distribute five kilograms or more of cocaine, intending and knowing that the cocaine would be unlawfully imported into the United States; Count Two - unlawful distribution of five kilograms or more of cocaine on or about July 22, 2005, intending and knowing that the cocaine would be unlawfully imported into the United States;  Count Three - unlawful distribution of five kilograms or more of cocaine on or about January 21, 2006, intending and knowing that the cocaine would be unlawfully imported into the United States; Count Four - unlawful attempt to distribute five kilograms or more of cocaine on or about January 22, 2006, intending and knowing that the cocaine would be unlawfully imported into the United States; Count Five - unlawful distribution of five kilograms or more of cocaine on or

---

[1]  On or about May 6, 2008, a Third Superseding Indictment was returned, changing the name of defendant number six from Fredy Gomez-Perez, aka "Chiqui" to Miyer Alberto Barcia Buitrago, aka "Chiqui".  The indictment was otherwise unchanged.

about March 7, 2006, intending and knowing that the cocaine would be unlawfully imported into the United States; and Count Six - unlawful distribution of five kilograms or more of cocaine on or about March 24, 2006, intending and knowing that the cocaine would be unlawfully imported into the United States. The indictment also contained a Forfeiture Allegation.

 2. On or about January 29, 2008, Mr. Tobon Rojas had his first appearance in this court, and was arraigned on the second superseding indictment. On or about February 5, 2008, this Court set conditions of release for Mr. Tobon Rojas. At that time Mr. Tobon Rojas was informed that the government had previously included him in the second proposed trial grouping.

 3. On or about February 22, 2008, counsel for Mr. Tobon Rojas filed a motion for enlargement of time to file or join in any suppression motions, and to respond to the government's proposed trial groupings. Thereafter, on or about June 11, 2008, Mr. Tobon Rojas filed a motion to reconsider the trial groupings and requested that he be put in the second trial group, which included the other defendants charged in Count IV - Ranfer Manuel Rios Mercado, German Villegas Mejia, and Fernando Zapata Bermudez.

 4. On August 14, 2008, recognizing that some circumstances had changed since February 2008, the Court directed that by September 1, 2008, the government file its current proposed trial groupings. On or about September 1st, the government filed its suggested trial groupings [Doc # 254], recommending that Mr. Villegas Mejia be moved to group one and the Mr. Tobon Rojas remain in group one.

**DEFENDANT'S REQUEST TO BE IN THE SECOND TRIAL GROUP:**

Mr. Tobon Rojas objects to the proposed groupings and requests to be in trial group two for the following reasons:

1) First, while the government's proposal puts Mr. Tobon Rojas with one of the three defendants allegedly involved in Count Four, he would still be in a separate trial from the other two Count Four defendants - Mr. Rios Mercado and Mr. Zapata Bermudez. In addition, and

more importantly, the government has recently filed a Motion to Admit Other Crimes Evidence against Mr. Villegas Mejia [Doc # 245].[2]  Specifically, the government is seeking to introduce evidence that in or about 1997 Mr. Villegas Mejia allegedly met in New York with an undercover officer from the F.B.I,, posing as a corrupt banker, and agreed to have the undercover officer assist in laundering very large quantities of drug proceeds.  Mr. Villegas Mejia was arrested in New York and indicted on a charge of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  According to the government's pleading he pled guilty and judgment was entered on June 15, 1998.  If the court allows the evidence against Mr. Villegas Mejia, the evidence will be very prejudicial to Mr. Tobon Rojas.  The spillover effect will be devastating both on the issue of involvement in a narcotics conspiracy, and on the issue of intent to import the cocaine into to the United States.  In light of the government's 404(b) motion as to Mr. Villegas Mejia, Mr. Tobon Rojas is now requesting to be in the second group with the other two Count Four defendants because he will be unfairly prejudiced if tried in the currently proposed first trial group, particularly since there is currently room in the second trial group without exceeding the limit requested by the United States Marshal's Service.

    2)   In addition, counsel does not believe that he can be ready for trial on the currently scheduled trial date for the group one defendants.  As the Court is now well aware, the discovery provided through August 31st was extremely limited.  However, within the past week the government, in an attempt to comply with the Court's Discovery Order, provided counsel with thousands of pages of documents, photographs, and draft transcripts - items which had been repeatedly promised and which should have been provided months ago.  Virtually all of the documents are in Spanish, or have Spanish headings and descriptions.  Counsel now has to have them translated (or at least determine which ones need to be translated), review them with

---

[2]  Counsel recognizes that the Court has not ruled on the government's pending motion to admit other crimes evidence. However, counsel felt that it was important to alert the Court to the potential severance issue before the trial groups are set at the upcoming status hearing.

the defendant, then conduct investigations regarding the new discovery, and prepare to defend against the new evidence.  The government is also in the process of making certain physical evidence available for review.  Similar efforts may have to be made with regard to that evidence.  In addition, the government provided English and Spanish transcripts of the calls it intends to introduce at trial.  An initial review by a certified translator suggested that at least some, and possibly many, of the transcripts were very poorly translated, and may not have been prepared by "certified" translators.  Thus a thorough review of the transcripts will be required prior to trial.  That by itself will be a very time-consuming project for counsel.

In short, after not providing any meaningful discovery to the defendants for the past six months, three weeks before the scheduled trial date the government produced nearly 10,000 pages of discovery for the defendants to review.  Counsel now has the monumental task of getting the discovery translated, reviewing the discovery with the defendant, and determining what additional investigation needs to be done as a result of these new disclosures.  Counsel does not believe he can adequately review these materials and prepare for trial in three weeks.

**SEVERANCE ISSUE:**

As noted above, the government recently filed a motion to admit F.R.E. 404(b) evidence against Mr. Villegas Mejia.  Since Mr. Tobon Rojas and Mr. Villegas Mejia are both charged in the same two counts, the risk of prejudicial spillover of the other crimes evidence is great.  The evidence of Mr. Villegas Mejia's prior admitted drug related money laundering activities is sure to have an inflammatory effect on the jury deciding Mr. Tobon Rojas' guilt or innocence.  The 404(b) evidence can not help but spill over to Mr. Tobon Rojas.  The question is not really whether the 404(b) evidence will be prejudicial to Mr. Tobon Rojas. The real question is whether it will be unfairly prejudicial to him.

Mr. Tobon Rojas contends that a joint trial with Mr. Villegas Mejia will be unfairly prejudicial because he was not involved in the 404(b) activities the government seeks to elicit,

yet he is certain to be adversely affected by the admission of such evidence.  Moreover, since there is already a second trial group in which Mr. Tobon Rojas can be placed, this request for a severance does not require an additional trial.

Under Rule 14 of the Federal Rules of Criminal Procedure, severance of defendants is left to the sound discretion of the trial judge.  <u>See</u>, <u>United States v. Mardian</u>, 546 F.2d 973 (D.C. Cir. 1976).  The trial court has similar discretion in determining trial groupings within a case.  Courts are generally required to balance the prejudice to the defendant against the interests of judicial economy inherent in a joint trial.  <u>Id</u>.  Including Mr. Tobon Rojas in the second trial group will serve both interests - the interest in judicial economy and the concern regarding the unnecessary prejudice to Mr. Tobon Rojas from his inclusion in the proposed first trial group.

In light of the 404(b) motion filed as to Mr. Villegas Mejia, Mr. Tobon Rojas is now requesting that he be tried with defendants Rios Mercado and Zapata Bermudez in the second trial group.  Counsel would note that many of the designated pertinent telephone calls regarding Count Four allegedly involve Mr. Tobon Rojas and Mr. Zapata Bermudez.  Thus it seems to make sense to try Mr. Tobon Rojas with the other two Count Four defendants, unless there is some compelling reason to the contrary.  Counsel is not aware of any compelling reason to keep Mr. Tobon Rojas in the first trial group.[3]  Defendant's request, if granted, would group him with two of the other Count Four defendants, providing some judicial economy, while providing him relief from the prejudicial spillover from the proposed 404(b) evidence against Mr. Villegas Mejia.

---

[3] In fact, the government's initial suggested trial groupings had Mr. Villegas Mejia in the first trial group and Mr. Tobon Rojas in the second trial group.

Therefore, if the 404(b) evidence is allowed against Mr. Villegas Mejia. the interests of justice require that Mr. Tobon Rojas be placed in the second trial group in order to afford him relief from prejudicial spillover from the evidence. Thus his request to be in the second trial group should be granted. See generally, <u>United States v. Mardian</u>, Supra at 977; <u>United States v. Winter</u>, 663 F.2d 1120 (1st Cir. 1981); <u>United States v. Sampol</u>, Supra. Granting the request will also give Mr. Tobon Rojas' counsel time to adequately prepare for trial.

Wherefore, for all the reasons above, counsel for Mr. Tobon Rojas respectfully moves this Court to put him in the second trial group.

                                                Respectfully submitted,

                                                _/s/_____
                                                Howard B. Katzoff, # 348292
                                                717 D Street, N.W.
                                                Suite 310
                                                Washington, D.C.  20004
                                                (202) 783-6414
                                                Counsel for Gerardo Tobon Rojas

## CERTIFICATE OF SERVICE

I hereby certify that this __8th__ day of __September__, 2008, a copy of the foregoing Motion and Points and Authorities were electronically served upon Patrick Hearn, Esquire, Trial Attorney, United States Department of Justice, and to all defense counsel of record.

                                                _/s/_____
                                                Howard B. Katzoff